IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **TRIPOLIS ENTERPRISES, INC.** § <br> **d/b/a The Palace Men's Club, and** § <br> **FLWW, INC. d/b/a Babe's,** § <br> § <br> **Plaintiff,** § <br> **v.** § <br> § <br> **CITY OF SAN ANTONIO,** § <br> § <br> **Defendant.** § | **CIVIL ACTION NO.** <br><br> **SA-03-CA-0357 FB (NN)** |

### AMENDED MEMORANDUM AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO:** Hon. Fred Biery
United States District Judge

The matter before the Court is plaintiffs' motion to dismiss without prejudice (docket entry 34). Also before the Court are defendant's response and plaintiffs' reply (docket entries 34 and 38).

By their motion plaintiffs ask the Court to dismiss this case without prejudice to their reassertion of any claim or action for injunctive or declaratory relief with respect to Ordinance No. 87443 in some future proceeding. Since the time of the filing of this case, the City has enacted Ordinance No. 101022 regulating Human Display Establishments, and plaintiffs explain that at this time they no longer desire to pursue their challenge to the Ordinance No. 87443.

Defendant opposes the motion insofar as plaintiffs seek a dismissal "without prejudice." Defendant explains that it has asserted the affirmative defense of waiver in this case, and that a dismissal without prejudice is an implicit rejection of this defense. They argue the waiver defense is a bar to these proceedings and to any future proceedings, and have attached documentary evidence to their response to support the waiver argument.

Plaintiffs rely on Federal Rule of Civil Procedure 41(a)(2) as authority for their motion. Rule 41(a)(2) authorizes the Court, upon motion by plaintiff, to dismiss an action in which the adverse party has appeared. The grant or denial of such a motion is within the discretion of the Court[1] and is reviewable only for abuse of discretion.[2] In the Fifth Circuit, a motion for voluntary dismissal should be granted "unless the nonmoving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit" as a result thereof.[3]

Defendant argues that it will suffer "plain legal prejudice" because a dismissal without prejudice would effectively deprive it of a valid defense. Defendant's characterization of the effect of a dismissal without prejudice, however, is in error. A dismissal without prejudice does not operate as an adjudication on the merits and it has no issue preclusive effect.[4] In fact, following a Rule 41 dismissal without prejudice defendant is free to raise as a defense to any new action any matter it raised (or failed to raise) in the prior lawsuit: The dismissal leaves the parties as if no action had been brought.[5] Defendant has failed to cite to any authorities which would support its argument that a Rule 41(a)(2) dismissal would deprive it of the opportunity to raise the waiver defense in a future lawsuit.

Finding that defendant has failed to identify any prejudice from the granting of the motion, I recommend that plaintiffs' motion to dismiss without prejudice be GRANTED.

### Instructions For Service And Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation

---

[1] **Robles v. Atlantic Sounding Co., Inc**., 77 Fed. Appx. 274, 275 (5th Cir. 2003).

[2] **U.S. ex rel. Boundy v. Dolenz**, 87 Fed.Appx. 992 (5th Cir. 2004).

[3] **Elbaor v. Tripath Imaging Inc**., 279 F.3d 314, 317 (5th Cir.2002).

[4] **In re Piper Aircraft Distribution System Antitrust Litigation**, 551 F.2d 213, 220 (8th Cir. 1977) (The effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been brought.).

[5] **City of South Pasadena v. Mineta**, 284 F.3d 1154, 1158 (9th Cir. 2002).

on each and every party either (1) by certified mail, return receipt requested, or (2) by facsimile if authorization to do so is on file with the Clerk.  According to Title 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), any party who desires to object to this report must serve and file written objections to the Memorandum and Recommendation within 10 days after being served with a copy unless this time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a de novo determination by the District Court.[6]  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation within 10 days after being served with a copy shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[7]

SIGNED on May 5, 2006.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
United States Magistrate Judge

---

[6]  **See Thomas v. Arn**, 474 U.S. 140, 149-152 (1985).

[7]  **Douglass v. United Servs. Auto. Ass'n**, 79 F.3d 1415, 1428-29 (5th Cir. 1996).